**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL GREENE,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-22-0418-I-2 |
|                v. | |
| DEPARTMENT OF DEFENSE,<br>            Agency. | DATE: May 9, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aaron H. Szot, Esquire, Washington, D.C., for the appellant.

Daniel Mitchell, Esquire, Key West, Florida, for the agency.

Bobbie Garrison, Esquire, Doral, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's removal action after finding that the agency violated the appellant's due process rights. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's finding as to Board jurisdiction, we AFFIRM the initial decision. We also DENY the agency's renewed motion to dismiss for mootness.

## BACKGROUND

¶2    The appellant was a GG-0132-15 Supervisory Intelligence Specialist for the Department of Defense, Joint Interagency Task Force South, at the Naval Air Station in Key West, Florida. *Greene v. Department of Defense*, MSPB Docket No. AT-0752-22-0418-I-1, Initial Appeal File (IAF), Tab 1 at 20. On March 17, 2022, the agency proposed the appellant's removal based on the charges of conduct unbecoming (15 specifications), insubordination (1 specification), and lack of candor (1 specification). *Id.* at 20-29. By letter dated May 10, 2022, the deciding official, Rear Admiral (RADM) D. Fears, sustained the action and removed the appellant effective May 11, 2022. *Id.* at 30-35.

¶3    The appellant subsequently appealed to the Board. IAF, Tabs 1, 28; *Greene v. Department of Defense*, MSPB Docket No. AT-0752-22-0418-I-2, Appeal File (I-2 AF), Tab 1.[2]  During the prehearing process, the appellant raised

---

[2] During case processing, the appellant requested a dismissal without prejudice for more time to prepare his case. I-2 AF, Tab 1. The administrative judge granted his request, and the case was automatically refiled by the Board on January 3, 2023. *Id.*

the affirmative defense of retaliation for protected whistleblowing activity and alleged that the agency had violated his due process rights because RADM Fears relied on two separate new and material ex parte communications in rendering his decision. I-2 AF, Tab 7. The administrative judge thereafter allowed the parties to further develop evidence on the due process issue and held a limited hearing on that matter. I-2 AF, Tab 21.

¶4 Shortly after the limited hearing, the agency filed a motion to dismiss the appeal for lack of jurisdiction, and submitted its letter to the appellant dated April 5, 2023, rescinding the removal action effective May 11, 2022, placing the appellant on administrative leave, and noting, "[t]hrough reinstatement, you will receive full back pay and benefits. Such payments regarding your payroll and benefits are made by [the Defense Finance and Accounting Service (DFAS)] and are not under [a]gency control."[3, 4] I-2 AF, Tab 23 at 7. In its motion, the agency asserted that it had reinstated the appellant to the status quo ante and notified him of his reinstatement, and that the agency's recission of the removal action thus rendered the appeal moot. *Id.* at 4-6. The appellant responded in opposition, arguing that he had not been afforded any relief regarding the recission of the removal and further that, notwithstanding the agency's cancellation of the removal action, he could still proceed with his outstanding whistleblower retaliation claim and thus that his appeal should continue to be adjudicated on the merits. I-2 AF, Tab 27 at 4-6. With his response, the appellant submitted an affidavit swearing that, although he had received a Standard Form 50 (SF-50) cancelling his removal on April 11, 2023, he had not received any back pay or benefits, including premium pay, a step increase, an annual raise, or confirmation that all references to the removal had been removed from his personnel file. *Id.* at 7. The administrative judge subsequently issued an order denying the

---

[3] DFAS processes payroll, leave, and other accounting actions on behalf of the agency.

[4] The agency notes on review that simultaneously on April 5, 2023, it issued the appellant a new notice of removal and placed him on administrative leave. Petition for Review File, Tab 1 at 6, 20-30, Tab 5 at 27.

agency's motion to dismiss the case as moot "for the reasons stated in the appellant's April 17, 2023 opposition to that motion." I-2 AF, Tab 28. Shortly afterward, the appellant withdrew his whistleblower retaliation affirmative defense and requested an initial decision on his due process claim. I-2 AF, Tab 29.

¶5    Days later, the administrative judge issued an initial decision reversing the agency's removal action, finding that the agency had violated the appellant's due process rights in removing him. I-2 AF, Initial Decision (ID), Tab 30 at 1, 12. The administrative judge first noted that the Board had jurisdiction over the appeal under 5 U.S.C. §§ 7511(a)(1)(A), 7512(1), and 7513(d). ID at 1. He then specifically found that RADM Fears had improperly considered an unnoticed deciding official guidance document that included a sentence stating, "[s]ince this action is based on the employee's inability to perform his duties, reducing the penalty is not an option." ID at 7-10. The administrative judge also found that RADM Fears' awareness of unnoticed portions of an Army Regulation (AR) 15-6 investigation into the allegations that formed the basis for the charges against the appellant violated the appellant's due process rights because Fears used the negative credibility determinations in the investigation as a central basis for sustaining the charged misconduct. ID at 10-11.

¶6    The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the agency argues that the administrative judge erroneously failed to recognize that the Board no longer had jurisdiction over the appeal after the appellant withdrew his whistleblower retaliation claim and that the administrative judge failed to apply Board case law regarding mootness and providing parties time to supplement the record on that issue. *Id.* at 9-11. Similarly, the agency claims that the administrative judge abused his discretion by issuing the initial decision after the appellant withdrew his whistleblower retaliation claim and requested an initial decision because he did not afford the agency the opportunity to respond or have a hearing on the issue of Board

jurisdiction and whether it had returned the appellant to the status quo ante. *Id.* at 12-13. Additionally, the agency argues that the administrative judge erroneously found that the agency violated the appellant's due process rights on both of the points mentioned above. *Id.* at 13-18. The appellant filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over the appeal.

¶7     The agency's argument that the appeal was moot at the time the administrative judge issued the initial decision and that the administrative judge erroneously failed to apply case law related to mootness is unavailing.

¶8     The Board's jurisdiction over an agency action such as a removal is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board, and an agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture, or unless the agency completely rescinds the action being appealed. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007). Thus, the Board may dismiss an appeal as moot if the appealed action is canceled or rescinded by the agency. *Id.* (citing *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 5 (2004)). For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012). Status quo ante relief generally requires that the agency return the appellant to the position he previously occupied, or one substantially equivalent in scope and status, remove all references to the rescinded action, and restore to the appellant any lost back pay or benefits. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016). If an appeal is not truly moot despite cancellation

of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Price*, 118 M.S.P.R. 222, ¶ 8.

¶9    Here, contrary to the agency's assertions, the appeal was not moot after the appellant withdrew his whistleblower retaliation affirmative defense. The recission of removal action letter that the agency submitted with its motion to dismiss stated that through reinstatement, the appellant *would* receive full back pay and benefits. I-2 AF, Tab 23 at 7. However, he had not actually received any relief at that time. Indeed, the appellant's affidavit in response to the agency's motion swears that he had not received any back pay or benefits, including premium pay, a step increase or annual raise, or confirmation that all references to the removal had been removed from his personnel file, as is required for status quo ante relief. I-2 AF, Tab 27 at 7; *see Hess*, 123 M.S.P.R. 183, ¶ 5; *Harris*, 96 M.S.P.R. 193, ¶ 6 (explaining in more detail what restoration to the status quo ante requires); *Jasper v. U.S. Postal Service*, 88 M.S.P.R. 27, ¶ 9 (2001) (holding that the appellant's sworn statement that the agency had not paid him all appropriate back pay constituted a nonfrivolous allegation that his appeal was not moot). Thus, the agency's recission of the removal action was not complete. *Price*, 118 M.S.P.R. 222, ¶ 8.

¶10    Although the agency argues on review that the administrative judge should have allowed the agency an opportunity to respond to the appellant's withdrawal of his affirmative defense, or to supplement the record and/or conduct a hearing on whether the appellant had been returned to the status quo ante, its arguments are unpersuasive. PFR File, Tab 1 at 8, 10-13. The agency does not point to any authority indicating that it has a right to respond to the appellant's withdrawal of his own affirmative defense. *Id.* at 12-13. Furthermore, when the appellant withdrew his affirmative defense, the record on the due process issue had closed and the administrative judge had already issued his order denying the agency's motion to dismiss as moot, and thus, there were no outstanding issues left to

address before ruling on the due process issue. PFR File, Tab 1 at 6, Tab 16; I-2 AF, Tabs 28, 29.

¶11    The Board cases that the agency cites in support of its argument do not establish that, in situations such as the one presented here, the administrative judge must afford the agency a hearing or an opportunity to supplement the record on the issue of jurisdiction or whether the appellant has been provided with status quo ante relief. PFR File, Tab 1 at 10-13 (discussing *Stempihar v. U.S. Postal Service*, 106 M.S.P.R. 115, ¶¶ 13-14 (2007) (finding that the administrative judge erred in dismissing the appeal as moot "upon the agency's assurances that the appellant *would be* restored to the status quo ante instead of upon evidence that the appellant *had been* restored to the status quo ante" and remanding the case for the administrative judge to determine whether the agency had completely rescinded the appellant's removal and afforded him all relief after affording the parties to submit evidence and argument on the issue) (emphasis in original); *Calarco v. U.S. Postal Service*, 56 M.S.P.R. 598, 601-02 (1993) (remanding the case where that the Board was unable to determine whether the agency had corrected the appellant's placement on enforced leave status for the disputed period and for the administrative judge to determine whether the appellant had been returned to the status quo ante); and *McCulley v. U.S. Postal Service*, 54 M.S.P.R. 207, 209-10 (1992) (finding that the Board was unable on petition for review to determine whether the agency completely rescinded a demotion action and ordering the administrative judge on remand to determine whether the appellant had been returned to the status quo ante after affording the parties an opportunity to supplement the record and conduct a hearing if necessary)). These cases all involve Board orders to consider additional evidence and argument on remand and after petition for review, and they are therefore distinguishable. Moreover, if anything, the cases that the agency cites support the administrative judge's determination that the appeal here was not moot and his issuance of an initial decision adjudicating the due process issue.

¶12    Even if the administrative judge did somehow err in issuing the initial decision without allowing the agency to supplement the record on whether the appellant had been returned to the status quo ante or by, for example, dismissing the appeal without prejudice to allow time for the cancellation efforts to play out, any such error is harmless here because the new evidence on review clearly shows that the agency still has not returned the appellant to the status quo ante, and thus that the issues still are not moot. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (providing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). To this end, with its petition for review, the agency submitted a May 18, 2023 affidavit from an agency employee and labor relations official affirming that the agency canceled the appellant's May 11, 2022 removal, purged that action from the appellant's personnel file, processed the appellant's step increase, and sent to DFAS the appellant's timecard worksheets processing his back pay, retirement contributions, and annual leave balance restoration information, and that these three issues "*will be processed* with DFAS Remedy Ticket 3837369." PFR File, Tab 1 at 31 (emphasis added); *see also id.* at 11, 18. The agency also attached two of the appellant's SF-50s confirming the cancelation of the removal and his step increase, in addition to the appellant's corrected timecard worksheets showing that the agency placed the appellant on administrative leave from May 11, 2022, through April 2023. *Id.* at 33-60. In response, the appellant submitted a supplemental affidavit swearing that he still had "not received any back pay, including interest and the premium pay that [he] would have received had [he] not been removed from [his] position; Thrift Savings Plan [TSP] contributions; or had [his] leave restored." PFR File, Tab 5 at 27.

¶13    This evidence plainly demonstrates that even at the time the agency filed its petition for review, it still had not taken all the steps necessary to completely rescind the removal. *See Jasper*, 88 M.S.P.R. 27, ¶ 9; *see also Gillespie v.*

*Department of Defense*, 90 M.S.P.R. 327, ¶ 10 (2001) (stating that an appellant is not restored to the status quo ante where he does not receive all the back pay to which he is entitled). Although the agency asserted that it had "been responsive in its good faith efforts to put [the a]ppellant as nearly as possible back into the position he was in before he was removed" and that it had submitted to DFAS all of the documentation necessary for payment, the Board has previously held in various compliance cases that the agency is responsible for ensuring that its agent, DFAS, satisfies the agency's obligations in a timely fashion. PFR File, Tab 1 at 13; *see Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999) (rejecting the agency's argument that severance pay withheld by DFAS was not the result of the agency's action, on the ground that the agency used DFAS as its paying agent). When the petition for review was filed, DFAS had still not actually paid the appellant.

¶14        We note that after the agency filed its petition for review and while the case was pending before the Board, the agency filed a status update and renewed motion to dismiss the appeal as moot. PFR File, Tab 6. In its motion, the agency claims that the appellant has "been afforded the relief owed to him" because it restored him to the same job position that he held when he was removed, that the appellant "received all of the back pay he was entitled to," and that the agency restored all of the appellant's benefits. *Id*. at 7-8. It attaches, without explanation, two of the appellant's leave and earnings statements from February 2024 and asserts that it has returned the appellant to the status quo ante. *Id*. at 8-10. In response, the appellant submitted another detailed affidavit swearing, among other things, that the agency has still not paid him all the backpay to which he is entitled because it did not calculate or pay him the premium pay he would have earned had he not been improperly removed, which he estimates should have resulted in roughly $20,000 of additional pay; that while the agency restored his TSP contributions, it did not make up for the positive growth of his funds; and that due to the agency's significant delays in providing

him backpay, he has suffered a significantly increased tax burden. PFR File, Tab 9 at 10-11. He also submitted a spreadsheet showing his premium hours for 2021 and the calculation if earned in 2022 and 2023. *Id.* at 12.

¶15      Again, this new evidence still plainly demonstrates that even now, over a year after the initial decision was issued, the agency still has not taken all the steps necessary to completely rescind the removal and return the appellant to the status quo ante. *See Jasper*, 88 M.S.P.R. 27, ¶ 9; *Gillespie*, 90 M.S.P.R. 327, ¶ 10; *see also Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011) (explaining that the appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance). As indicated above, back pay generally includes overtime and premium pay that the appellant would have earned had the wrongful personnel action not occurred. *Owens v. Department of Transportation*, 99 M.S.P.R. 377, ¶ 6 (2005). Here, the agency has not explained or even addressed the issue of premium pay in any of its filings. IAF, Tab 23; PFR File, Tabs 1, 6; *see Norvell v. U.S. Postal Service*, 38 M.S.P.R. 563, 567-68 (1988) (an appellant's entitlement to overtime pay is a factor to be considered when determining whether an action has been completely rescinded). In addition, as the appellant correctly points out, pursuant to the Federal Retirement Thrift Investment Board (FRTIB) regulation 5 C.F.R. § 1605.13, a TSP participant who receives back pay is entitled to "breakage," or the loss or gain that he would have incurred or realized on his shares had his separation not occurred. 5 C.F.R. §§ 1605.1, 1605.13(a)(3). As to the appellant's breakage, the agency must show that it requested the FRTIB to compute interest and lost earnings. *Price*, 118 M.S.P.R. 222, ¶ 16. Here, there is no evidence indicating that the agency made the required request to the FRTIB.

¶16      Furthermore, as the appellant notes in both of his filings in response to the agency's submissions on review, the agency states that it put the appellant on administrative leave when it rescinded the May 11, 2022 removal action on

April 5, 2023. I-2 AF, Tab 23 at 6-7; PFR File, Tab 5 at 12 n.6, Tab 9 at 7 n.2. Indeed, the corrected timecard worksheets that the agency submitted with its petition show that the agency retroactively placed the appellant in administrative leave status from May 11, 2022, through April 2023. PFR File, Tab 1 at 35-59, Tab 5 at 12 n.6. Additionally, on April 5, 2023, at the same time that the agency rescinded the May 11, 2022 removal action, it issued the appellant a new notice of proposed removal and placed him in administrative leave status. PFR File, Tab 1 at 20. Notably, however, the Board has held that an appellant's placement on administrative leave pending another removal action is not placement which is substantially similar to his situation in his former position. *Rauccio v. U.S. Postal Service*, 44 M.S.P.R. 243, 245 (1990); *see Fairley v. U.S. Postal Service*, 63 M.S.P.R. 10, 12-13 (1994) (finding that the fact that the agency took another removal action against the appellant shortly after cancelling the first action raised the issue of whether the appellant was ever returned to duty after the cancellation of the first action and that an appellant has not been returned to the status quo ante unless he has been returned to duty status in his position); *Dalton v. U.S. Postal Service*, 62 M.S.P.R. 95, 97 (1994) (stating that retroactive placement of a suspended employee in administrative leave status is not the same as return to the status quo ante and thus does not constitute complete rescission); *Hudson v. Department of Housing and Urban Development*, 54 M.S.P.R. 139, 142 (1992) (stating that an agency does not return an employee to the status quo ante when it rescinds the appealed action and then, instead of returning the appellant to duty, places her on administrative leave pending a second proposed removal action).

¶17       Accordingly, the administrative judge did not err in concluding that the Board had jurisdiction over the appeal or in applying the Board's case law related to mootness issues. Nevertheless, we modify the initial decision to supplement the administrative judge's finding as to jurisdiction as discussed herein. Further, we conclude that the agency's recission is still not complete and that it has not returned the appellant to the status quo ante, and therefore, we deny the agency's

renewed motion to dismiss for mootness. The Board retains jurisdiction over the appeal. *See Price*, 118 M.S.P.R. 222, ¶ 8.

<u>The agency has not established that the administrative judge erred in finding that the agency violated the appellant's due process rights.</u>

¶18    On review, the agency also argues that the administrative judge erred in finding that the agency violated the appellant's due process rights. PFR File, Tab 1 at 13-18. Our reviewing court has held that a deciding official violates an employee's due process rights when he or she relies upon new and material ex parte information as a basis for a decision on the merits of a proposed charge or the penalty to be imposed. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Further, the Board has held that an employee's due process right to notice extends to both ex parte information provided to a deciding official and information known personally to the deciding official if the information was considered in reaching the decision and not previously disclosed to the appellant. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012). In *Stone*, the U.S. Court of Appeals for the Federal Circuit identified the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377.

¶19    As discussed above, the administrative judge first concluded that RADM Fears improperly considered an unnoticed deciding official guidance document that included a sentence stating, "[s]ince this action is based on the employee's inability to perform his duties, reducing the penalty is not an option." ID at 8-10; I-2 AF, Tab 10 at 17. In this regard, the administrative judge found, among other things, that it was undisputed this information was not provided to the appellant

and that he was not provided with an opportunity to respond to it; that there was nothing in the notice of proposed removal that would have led even a sophisticated reader to conclude that RADM Fears was considering this instruction; that there was nothing in the nature of the charges rendering the appellant unable to perform his duties and that this instruction inferred that the agency considered unnoticed misconduct; and that given RADM Fears' admitted inexperience in civilian personnel matters, this instruction would have placed undue pressure on him, especially as Fears testified at his deposition that his decision was "constrained" by this instruction. ID at 9-10; I-2 AF, Tab 25 at 9.

¶20      In its petition, the agency argues that RADM Fears stated in an affidavit submitted after his deposition testimony and during the due process hearing that he did in fact consider a lesser penalty but found removal the most appropriate penalty, and that Fears actually disregarded the disputed language. PFR File, Tab 1 at 14; I-2 AF, Tab 14 at 83, Tab 21. However, the administrative judge explicitly acknowledged that although there was evidence in RADM Fears' *Douglas* factors checklist and his hearing testimony that he disregarded this instruction and considered a lesser penalty, that evidence "was exceedingly difficult to credit given the agency's plain instruction to RADM Fears that he could not mitigate the penalty and his conflicting deposition testimony that he was, in fact, constrained by that instruction." ID at 9. Although the administrative judge did not specifically mention Fears' affidavit, an administrative judge's failure to mention all of the evidence and testimony of record does not mean that he did not consider it in reaching his decision, and here, the administrative judge still clearly considered the agency's argument. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table); ID at 9. Furthermore, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and the Board may overturn such

determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge thoroughly reviewed the evidence and specifically cited *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in setting forth his credibility determinations. ID at 9. We discern no reason to disturb his well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that there is no reason to disturb the initial decision where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶21 As noted above, the administrative judge also concluded that RADM Fears' awareness of unnoticed portions of an AR 15-6 investigation into the appellant's charged conduct violated the appellant's due process rights because, among other things, Fears used the investigating officer's negative credibility determinations —in that he essentially called the appellant a liar—as a central reason for sustaining the charged misconduct and because the agency did not provide the appellant notice of Fears' considerations in this regard. ID at 10-11. On review, the agency maintains that RADM Fears did not review the entire AR 15-6 investigation file and that Fears' past involvement with investigations provided him with knowledge on what the appellant's AR 15-6 investigation contained. PFR File, Tab 1 at 17. However, the administrative judge specifically discussed this argument and found, contrary to the agency's assertions, that Fears was privy to the entire AR 15-6 investigation for multiple reasons. ID at 11 n.1. The agency's argument simply disagrees with the administrative judge and is thus unavailing. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review).

¶22 Finally, the agency claims that the appellant had a meaningful opportunity to present his side of the story here because he submitted a written reply to the notice of proposed removal that substantively addressed all of the charges against

him.  PFR File, Tab 1 at 16-17.  It asserts that the appellant received all due process that he was entitled to.  *Id.* at 16.  However, the agency's mere disagreement with the administrative judge's evaluation of the evidence does not establish a basis for review.  *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

## ORDER

¶23     We ORDER the agency to cancel the removal and retroactively restore the appellant effective May 11, 2022.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶24     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶25     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶26     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶27    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina Grippando
                                  Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.